Youssef H. Hammoud (SBN: 321934)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com

Lauren Tegan Rodkey (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiffs,*
*Jose Rodriguez Granillo and Maria Torres Flores*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JOSE RODRIGUEZ GRANILLO and
MARIA TORRES FLORES,

        Plaintiffs,

v.

WESTERN DENTAL SERVICES, INC.,

        Defendant.

**Case No. 2:19-cv-33**

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

1. TCPA, 47 U.S.C. § 227 *et. seq.*
2. RFDCPA, Cal. Civ. Code § 1788 *et. seq.*
3. Intrusion Upon Seclusion
4. Cal. Civ. Code § 3294

(Unlawful Debt Collection Practices)

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiffs Jose Rodriguez Granillo and Maria Torres Flores ("Plaintiffs"), through their

attorneys, alleges the following against Western Dental Services, Inc. ("Defendant" or

"Western Dental"):

## **INTRODUCTION**

1. Count I of Plaintiffs' Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiffs' Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiffs' Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

4. Count IV of Plaintiffs' Complaint is based upon Exemplary Damages, Cal. Civ. Code § 3284, which allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiffs are a natural person residing in Los Angeles County, California.

9. Plaintiffs are "debtor[s]" as defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

11. At all relevant times herein, Defendant, Western Dental, was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *Cal. Civ. Code § 1788.2(d)*.

12. Defendant is a debt collector with its principal place of business located in Orange, California. Defendant can be served with process through National Registered Agent, Inc., located at 818 West Seventh Street, Suite 930, Los Angeles, California, 90017.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. On or about July 24, 2018, Plaintiffs visited a Western Dental office located at 14600 Sherman Way, #100b, Van Nuys, California.

15. After an examination of Plaintiff Maria's mouth, she was told that she would need the following treatment: two extractions and a deep cleaning.

16. Plaintiffs are both insured through the Los Angeles Unified School District, which includes a Western Dental DHMO Plus Dental Plan.

17. After discussing the treatments and receiving approval from the insurance company, Plaintiffs agreed to an initial co-payment of $1,040.00.

18. However, the terms of the agreement quickly changed, and less than an hour later, Plaintiffs were informed that the co-payment would be $1,940.00.

19. Regardless of the increase, Plaintiffs agreed to make the payment and made an initial down payment of $1,500.00 on or about July 24, 2018.

20. On or about August 6, 2018, Plaintiffs spoke to Western Dental's representative, Alexis, to make a payment over the phone for the remaining balance.

21. Alexis informed Plaintiffs that a 10% discount would be applied to the remaining balance of $440.00 and that Plaintiffs only had to make a total payment of $396.00 (The 10% discount subtracted $44.00 from the total due).

22. On or about August 6, 2018, Plaintiffs made a payment on the remaining balance and any and all balance owed to Western Dental were now paid off.

23. On or about August 22, 2018, Western Dental sent a statement to Plaintiffs informing them that Plaintiff Maria had a balance of $960.46 on her account.

24. On or about August 23, 2018, Plaintiffs called Western Dental to discuss the alleged balance owed.

25. Plaintiffs spoke to a customer service representative, Nancy, who informed Plaintiffs that they owed the money and had to make a payment.

26. Again ,on or about August 25, 2018, Plaintiffs called Western Dental to clear up the confusion with the balance owed.

27. Plaintiffs spoke to a customer service representative, Carolina Ana, who again stated that they owed the money.

28. On or about August 25, 2018, Plaintiffs spoke to Yvonne from the Western Dental Van Nuys office and with Nancy from Western Dental corporate.

29. Both representatives stated that everything was taken care of and the account was cleared.

30. Even though Defendant's representatives indicated that the situation was taken care of, Defendant continued to collect on a debt that Plaintiffs' did not owe.

31. On or about August 27, 2018, at 8:31 a.m., Western Dental began its campaign of automated debt collection calls to Plaintiff Maria.

32. The calls placed by Defendant mainly originated from (818) 295-2568 and (818) 295-2567. Upon information and belief, these phone numbers are owned, operated or controlled by Defendant or its agent(s).

33. On or about September 4, 2018, Plaintiffs received another statement from Western Dental in the amount of $440.00.

34. Western Dental was now collecting on two (2) separate accounts, one for $960.46 and another for $440.00.

35. On or about September 6, 2018, Plaintiffs called Western Dental and spoke to Guadalupe who informed Plaintiffs that there were two (2) accounts with balances owed to Western Dental and Plaintiffs have to make a payment.

36. Plaintiffs made several attempts to resolve the confusion and explain that they paid off their balance and the statements were inaccurate, but Defendant insisted that Plaintiffs had balances owed and had to make a payment.

37. On or about September 20, 2018, Western Dental called Plaintiff Jose's place of employment.

38. Plaintiff Jose is a custodian at Chatsworth High School.

39. Western Dental spoke with Plaintiff Jose's supervisor and asked to speak with Plaintiff Jose who was subsequently called over the PA system to report to the office.

40. Plaintiff Jose was handed the phone by his supervisor and Plaintiff Jose informed Western Dental that he could not speak at work and would call Western Dental off of his phone when he could.

41. During lunch break, Plaintiff Jose's supervisor told him "It looks like the debt collectors are after you," which caused Plaintiff Jose to suffer severe embarrassment and humiliation.

42. After Plaintiffs finished work on or about September 20, 2018, they visited the Western Dental office in Van Nuys.

43. After waiting for about an hour, the representative, Rosa, provided Plaintiffs with two (2) bills; One of the bills was in the amount of $1,070.00 and the other bill in the amount of $840.00.

44. After receiving the bills, Plaintiffs told the representative that they had already made their payments and that they wanted Western Dental to stop calling them.

45. Western Dental ignored Plaintiffs request to stop calling.

46. On or about September 25, 2018, Plaintiff Maria received a call on her cell phone from Western Dental; She heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

47. During this conversation, Plaintiff Maria stated that the Defendant should communicate with her in writing only.

48. After the call, Plaintiff Maria called Plaintiff Jose and informed him that she was receiving calls from Defendant.

49. Distraught by the situation, Plaintiff Jose began to feel anxious, stressed, had headaches and suffered from a stomach ache; Plaintiff Jose went to the school nurse to get checked out.

50. Again, on or about September 27, 2018, Plaintiff Maria received another call from Defendant; She heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

51. During this call, Plaintiff Maria stated that she had already paid the balance owed, and that she wanted Defendant to stop calling her.

52. After the call, Plaintiff Maria began to feel sick, anxious, stressed, nervous, and began to have headaches.

53. Plaintiffs immediately rushed to the urgent care; Plaintiff Maria's blood pressure was much higher than normal, hypertension stage 1 (155/88).

54. Again, Defendant ignored Plaintiffs' two (2) requests to stop calling and continued to bombard Plaintiffs' with calls in an attempt to induce Plaintiffs' to make payments on a balance they don't owe.

55. Between August 27, 2018 and November 7, 2018, Defendant called Plaintiff Maria approximately forty (40) times on her cell phone.

56. There were several occasions where the Defendant called the Plaintiff Maria multiple times in one day.

   a. Defendant called Plaintiff on her cell phone three (3) times:

      i. On or about September 21, 2018

      ii. On or about September 25, 2018

   b. Defendant called Plaintiff on her cell phone two (2) times:

      i. On or about September 19, 2018

      ii. On or about September 22, 2018

      iii. On or about November 2, 2018

      iv. On or about November 4, 2018

57. Plaintiff Maria also received numerous pre-recorded voicemail messages on her cell phone from Defendant.

58. Between September 17, 2018 and October 15, 2018, Defendant called Plaintiff Jose approximately ten (10) times on his cell phone.

59. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiffs into making a payment on the account.

60. The calls violated the RFDCPA in multiple ways, including but not limited to:

   a. Causing a telephone to ring repeatedly or continuously to annoy the person called (Cal. Civ. Code § 1788.11(d));

   b. By collecting or attempting to collect a consumer debt and not complying with Sections 1692b to 1692j of the FDCPA (Cal. Civ. Code § 178817).

i. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt (15 U.S.C. § 1692d);

ii. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (15 U.S.C. § 1692d(5));

iii. The false representation of the character, amount, or legal status of any debt (15 U.S.C. § 1692d(2)(A));

iv. Using unfair or unconscionable means in an attempt to collect a debt (15 U.S.C. § 1692f);

61. The conduct was not only willful but was done with the intention of causing Plaintiffs such distress, so as to induce them to pay a debt they don't owe.

62. Further, the conduct was done with such frequency so as to harass Plaintiffs.

63. Defendant's conduct was oppressive, malicious, and it subjected Plaintiffs to undue hardship and violated their safety and rights.

64. The bombardment of automated debt collection calls has caused Plaintiffs to suffer from stress, anxiety, frustration, headaches, and emotional and mental pain and anguish.

65. Plaintiff Maria suffered from severe stress, anxiety, headaches, and emotional and mental pain and anguish from Defendant's conduct.

66. Plaintiff Maria suffered from abnormal blood pressure as a result of Defendant's conduct.

67. Plaintiff Jose suffered from severe stress, anxiety, headaches, humiliation, embarrassment, and emotional and mental pain and anguish from Defendant's conduct.

68. Plaintiff Jose also suffered from sickness and stomach aches as a result of Defendant's conduct.

69. As a result of Defendant's conduct, Plaintiffs have sustained actual damages including but not limited to, high blood pressure, stress, anxiety, headaches, frustration, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

70. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a.  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b.  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

- 10 -
COMPLAINT AND DEMAND FOR JURY TRIAL

72. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act,
CAL. CIV. CODE § 1788)**

73. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

74. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii.   Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii.   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

75. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

76. Defendant was aware that Plaintiffs had already paid the balance owed, and that Plaintiffs had requested for the calls to stop, yet Defendant continued to call Plaintiffs and continued its oppressive collection practices.

77. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiffs for actual damages, statutory damages, and attorneys' fees and costs.

### COUNT III

**(Intrusion Upon Seclusion)**

78. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

79. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

80. Defendant violated Plaintiffs' privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiffs' solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

b. The number and frequency of the telephone calls to Plaintiffs by Defendant after requests for the calls to cease constitute an intrusion on Plaintiffs' privacy and solitude.

c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff' received calls that often-interrupted Plaintiffs' work and sleep schedule.

d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff' to pay the alleged debt.

81. As a result of Defendant's violations of Plaintiffs' privacy, Defendant is liable to Plaintiff for actual damages.

## COUNT IV

### (Exemplary Damages – Punitive Damages)

82. Plaintiff' incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

83. Cal. Civ. Code § 3294(a) allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

84. Cal. Civ. Code § 3294(c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the safety of others.

85. Cal. Civ. Code § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

86. Plaintiffs are informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by Cal. Civ. Code §§ 3294(c)(1) and 3294(c)(2), as Defendant's conduct was done in complete conscious disregard of Plaintiffs' rights.

87. Defendant was aware that Plaintiffs had requested to not be called on their cell phone and Defendant continued its bombardment of harassing phone calls to Plaintiff' in violation of the TCPA, RFDCPA and Plaintiffs' privacy rights.

88. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiffs for punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jose Rodriguez Granillo and Maria Torres Flores respectfully requests judgment be entered against Defendant, Western Dental Services, Inc., for the following:

A. Declaratory judgment that Defendant violated the RFDCPA;

B. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(a);

D. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F.  Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 3, 2019

/s/ *Youssef H. Hammoud*_____

Youssef H. Hammoud (SBN: 321934)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com

Lauren Tegan Rodkey (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426
E: tegan@pricelawgroup.com
*Attorneys for Plaintiffs,*
*Jose Rodriguez Granillo and Maria Torres*
*Flores*